It is a maxim in equity that where equity is equal, the law shall prevail. Under a mistaken application of this principle the original bill was dismissed as to the defendant Zollicoffer. To reverse that decree is the object of the present bill. (648)
A purchaser for a valuable consideration without notice, has an equity equal to that of any one; and if he has any advantage at law over his adversary, a court of equity will not deprive him of it, although he may have obtained it accidentally, or even improperly. It will not *Page 466 
compel him to discover his title, or his title deeds, the boundaries of his lands, to surrender up title deeds, although improperly obtained, or suffer testimony to be perpetrated against him, because a court of law would do none of these things. But when he is not called on to surrender any of these advantages, when nothing is asked of him but what a court of law would compel him to perform, it affords him no protection; and when he withholds from another his property, he shall be compelled to restore it, the court taking care that he shall not be deprived of any of his legal advantages. Collett v. De Gols, Cases Temp. Talbot, 65, so much relied on by the defendant's counsel, fully supports this opinion. A similar plea to the present protected Ward and his trustee, as to all the estates of the bankrupt, which the bankrupt had mortgaged prior to the bankruptcy, and which by assignment had come to Ward or to his trustee before the commission was sued out; for as to them Ward had a legal advantage; he had the legal estate, and nothing but equities of redemption remained in the bankrupt at the time of his bankruptcy to forfeit by the act of bankruptcy for the benefit of his creditors; and when the assignee came into a court of equity to redeem the mortgaged estates, Ward's equity being equal to his, and he having the estate at law, it was decreed that the assignee should redeem, upon paying not only the money for which the estates were originally mortgaged, but also the money paid by Ward to the bankrupt for a release of the equities of redemption, although the equities were purchased after the act of bankruptcy committed, and when the bankrupt had nothing which he could sell. For Ward had the legal estate. An equity of redemption (649) is unknown at law, and cannot be enforced in the courts of law. And but for the interposition of a court of equity the mortgaged estate, after default in the mortgagor, would remain forever in the mortgagee, Ward's equity, therefore, protected him in a court of equity, as he would have been protected in a court of law; and the truth of his plea was ordered to be ascertained.
But as to that property derived immediately from the bankrupt after his bankruptcy, and before commission sued out, the court directed Ward to account, regardless of the truth or falsity of his plea; for as to that he had no legal advantage.
It is deemed unnecessary to examine further the cases cited in the argument, or to notice some expressions of the chancellors, such as that a court of equity has no jurisdiction against a purchaser for a valuable consideration without notice, and others of like import; for in all the cases the complainants were endeavoring to obtain something which the law would not grant, and the expressions of the chancellors were used in reference to such cases, and if not, were extra-judicial. It is unnecessary *Page 467 
to decide whether the allegations of the parties warranted the making up of the fifth issue, to wit, whether the defendant was a purchaser for a valuable consideration without notice. But it is very questionable whether the defendant had made in his plea or answer (call it which you will) any such allegation.
It is also objected that there has not been a final decree passed and enrolled in this cause. It is true, those formalities which are used in England have not been complied with. But there is sufficient for this Court to perceive that there was a decree pronounced in favor of Zollicoffer. The issue was made up under the direction of the court; it was found in Zollicoffer's favor; it was ordered that the complainants should pay him his costs; an interlocutory order was made as to the other defendants, and the cause progressed as to them, and rested as to him. According to the loose manner in which the decrees of the courts are taken, we must, in justice to the parties, consider this as sufficient evidence of a decree having been pronounced.
It is therefore ordered and decreed that the decree dismissing (650) the bill as to Zollicoffer be reversed.
Upon the reversal of the original decree, Zollicoffer filed a petition for rehearing.